UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JESUS MELENDEZ a/k/a EDWIN POLANCO a/k/a   :
EDWIN POLANCO NOVA ,                       :
                                           :
           Petitioner,                     :   09 CV 2524 (HB)
                                           :   09 CV 2525 (HB)
                                           :   04 CR 745 (HB)
           -against-                       :   04 CR 1097 (HB)
                                           :
                                           :   **OPINION&**
UNITED STATES OF AMERICA                   :    **ORDER**
                                           :
           Respondent.                     :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge**[*]**:**

On October 20, 2005, Jesus Melendez ("Petitioner" or "Melendez") was sentenced to an 87-month term of imprisonment and four years of supervised release for illegal reentry and conspiring to distribute heroin. In a motion dated May 26, 2009, Melendez filed a petition for a writ of *habeas corpus* to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Melendez claims that he was denied effective assistance of counsel in violation of the Sixth Amendment. Petitioner also claims that the delay in filing his untimely *habeas* petition should be equitably tolled due to extraordinary circumstances. For the reasons stated below, the petition is DENIED.

**I.   BACKGROUND**

On April 21, 2004, New York Police Department ("NYPD") officers investigated criminal activity at an apartment in New York, New York, later determined to be where Melendez lived. When the officers arrived, one saw a bag being thrown from a window of the apartment. The bag was retrieved, and officers discovered that it contained pellets of heroin. Officers later searched the apartment and found additional heroin and cutting agent in Melendez's room. The NYPD arrested Melendez the same day. On September 14, 2004, Melendez was indicted pursuant to 21 U.S.C. § 812, 841(a)(1) and 841(b)(1)(A) for conspiracy

---

[*] Bethany N. Tolentino, a second year law student at New York University School of Law, and a 2009-2010 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

to distribute 100 grams or more of heroin.  *See United States v. Jesus Melendez, et al.*, No. 04 Cr. 745 (HB) (Docket No. 13).  In a separate indictment filed on September 30, 2004, Petitioner was also charged pursuant to 8 U.S.C. § 1326(a)(2) and (b)(2) with illegal reentry into the United States.  *See United States v. Edwin Polanco Nova*, No. 04 Cr. 1097 (HB) (Docket No. 1). Melendez pled guilty to both charges, the cases were consolidated for sentencing, and on October 20, 2005, he was sentenced to concurrent sentences of 87-months in prison and four years of supervised release.

      Melendez appealed his sentence to the Second Circuit on November 8, 2005.  On April 26, 2006, the Second Circuit sent notice to Petitioner that he needed to either send in a docket fee or file for *in forma pauperis* status.  Melendez claims that he did not receive mail from the Second Circuit; the docket for Melendez' appeal indicates that the letter was returned to the Court of Appeals, marked "refused."  The Second Circuit denied his appeal on August 16, 2006. The order that denied Petitioner's appeal was also mailed to Melendez, and again returned as "refused."  On August 17, 2006, Petitioner claims to have filed a motion to reopen his appeal. The Second Circuit has no record of this motion on its docket, and Melendez has not attached any copy of the alleged motion to his petition papers.

      Over a year later, on August 22, 2007, Petitioner filed a motion for assignment of counsel and to proceed *in forma pauperis*.  In response to this motion, on August 29, 2007, the Second Circuit notified Melendez that he had 21 days to submit papers clarifying his grounds for relief, or his case would be dismissed.  Petitioner failed to meet that deadline and never filed the papers requested by the Second Circuit.  Subsequently, Melendez filed motions to obtain transcripts and other material in September and October 2007.  On October 31, 2007, the Second Circuit again informed him via letter that he must file a motion to reinstate his appeal along with a fee or file *in forma pauperis* in order for his case to continue.  Melendez thereupon filed a motion to proceed *in forma pauperis* and to reinstate his appeal on November 16, 2007.  On December 13, 2007 the Second Circuit denied Petitioner's motion to reinstate his appeal for failure to submit papers regarding his grounds for relief, as requested in their initial notice to Melendez in August 2007.  In January 2009, Petitioner filed a motion to submit an untimely 28 U.S.C. § 2255, which was granted.  Melendez filed his *habeas* petition on May 26, 2009.[1]

---

[1] For reasons that are unclear, Petitioner's habeas petition was given two separate docket numbers.  *See* No. 09 Civ. 2524 and No. 09 Civ. 2525.

## II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255, relief is provided where it is alleged that the prisoner is in custody in violation of the Constitution or laws or treaties of the United States.  *See Davis v. United States*, 417 U.S. 333, 344 (1974).  To prevail on a § 2255 claim, petitioner must show either that (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255(b); *see also Rosario v. United States*, 625 F. Supp. 2d 123, 126 (S.D.N.Y. 2008).  The statute further provides that if any of the grounds enumerated above are present, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III.  DISCUSSION

### A.  Petitioner's Claim is Barred by the One-Year Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas* petition under 28 U.S.C. § 2255 must be brought within a year after entry of a final judgment.  *See* 28 U.S.C. § 2255(f).  Judgments become final when the Supreme Court affirms a conviction on direct review, denies a petition for a writ of certiorari, or the time for filing the petition for certiorari expires.  *Burrell v. United States*, 467 F.3d 160, 164 (2d Cir. 2006) (citing *Moshier v. United States,* 402 F.3d 116, 118 (2d Cir.2005)).  The time for filing a petition for certiorari expires 90 days after the entry of a judgment from a Court of Appeals.  *See* Sup. Ct. R. 13.  In this case, the Second Circuit dismissed Petitioner's appeal on August 16, 2006, giving him until November 14, 2006 to file a certiorari petition.  No such petition was filed, and his time to file ended on November 14, 2007.  Since Petitioner requested permission to file an untimely *habeas* petition in January 2009 and did not file his petition until May 26, 2009, he is more than a year past the time period set by AEDPA.

To avoid dismissal, Petitioner argues that the time to file his *habeas* petition should be equitably tolled.  To do so, a petitioner must show that there were extraordinary circumstances that prevented him from filing his petition within the statutory period, and that he used reasonable diligence in pursuing his rights during the period he seeks to toll.  *See Smith v.*

3

*McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). "The AEDPA limitations period will only be tolled in rare and exceptional circumstances … and where the petitioner demonstrates a causal relationship between the extraordinary circumstances and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotations and citations omitted). Melendez claims that the following circumstances were so extraordinary that they prevented him from filing a timely *habeas* petition: (1) his trial attorney failed to explain to him the one-year time limit to file a *habeas* petition and (2) he never received notice that his appeal was dismissed and therefore continued to seek relief at the Second Circuit until late 2007.

That Petitioner's trial attorney failed to inform him of the one-year statute of limitations is insufficient to grant equitable tolling. The Second Circuit has held that "simple" or "ordinary" mistakes about the rules related to deadlines for *habeas* filings by an attorney for the petitioner is not sufficiently "extraordinary" to justify equitable tolling. *See Baldayaque v. United States*, 338 F.3d 145, 151-52 (2d Cir. 2003). In this case, Petitioner is *pro se* and does not have an attorney for his *habeas* petition. Since a mistake made by a *habeas* counsel about the AEDPA deadlines would not normally be an extraordinary circumstance, the alleged mistake made by trial counsel in failing to inform Petitioner of the statute of limitations likewise is not an extraordinary circumstance. Indeed, it is not at all clear that trial counsel has a responsibility to affirmatively provide this information since, as is the case at bar, counsel does not appear to have represented Petitioner in the collateral review proceedings. . *See Bermudez v. Burge*, No. 02 Civ. 7634, 2003 WL 22175999, at *2 (S.D.N.Y. Sep. 22, 2003). Perhaps more importantly, Petitioner showed no reasonable diligence with regard to this issue and failed even to make any effort to learn of the statutory time-frame himself. *See, e.g., Martinez v. United States*, No. 00 CIV. 1214 (DLC), 2000 WL 863121, at *2 (S.D.N.Y. June 26, 2000) ("Nor has [*pro se* petitioner] shown that he acted with reasonable diligence either in discovering the applicable procedural rules or in learning that his attorney had not filed an appeal."); *Bermudez*, 2003 WL 22175999, at *2. Put simply, Petitioner cannot toll the one-year period because his trial counsel allegedly failed to inform him of it.

Petitioner next claims that the statute of limitations should be equitably tolled because he never received notice of the dismissal of his appeal, and continued to seek relief through the

4

Court of Appeals until late 2007.  Generally speaking, the failure to receive notice of the denial of an appeal can potentially constitute an "extraordinary circumstance."  *See Diaz v. Kelly*, 515 F.3d 149, 154-56 (2d Cir. 2008).  Unlike in *Diaz*, however, here there was no "lengthy delay" between the time of decision and the posting of the notice to Petitioner.  *See id.* at 155.  Rather, notice was sent immediately following the decision and returned as "refused."  Petitioner does not explain why these materials were returned as refused, i.e. whether the address on the docket was incorrect or for some other reason.  In fact, notices sent in 2007 which instructed him to state his grounds for relief and move to reinstate were not returned as refused, although they appear to have been sent to the same address.  Fatal to his argument, Petitioner failed to demonstrate reasonable diligence to learn of the status of his appeal.  After the appeal was denied and notice was sent, a full year elapsed before Melendez did anything at all with his case.[2]  When Petitioner finally took further action in 2007, although he filed a number of motions seeking transcripts and other materials, he apparently never once bothered to check the current status of his case.  While it is wise not to "pester" a court with "frequent inquiries as to whether a pending motion is decided," *see Diaz*, 515 F.3d at 155, it is reasonable to expect that sometime during the year Petitioner would check on the appeal status.  *See, e.g., Diaz,* 515 F.3d at 155 (suggesting the need for some inquiry after a "substantial period of time has elapsed"); *Plowden v. Romine*, 78 F. Supp. 2d 115, 119 (E.D.N.Y. 1999) (unreasonable for petitioner not to check status of appeal for seventeen months); *see also Morton v. Ercole*, No. 08 Civ. 0252 (RJS), 2010 WL 890036, at *2 (S.D.N.Y. Mar. 10, 2010) ("Courts generally have found that periods of delay lasting for more than a year do not exhibit due diligence."); *Ferguson v. Mantello*, No. 00 Civ. 2098 (SAS), 2000 WL 1721140, at *2 (S.D.N.Y. Nov. 16, 2000) (no equitable tolling where petitioner failed to contact counsel for eighteen months about status of appeal due to prison conditions).

       Indeed, despite this lack of diligence, Petitioner must have still learned of the dismissal of his appeal on October 31, 2007 at the latest, when the Court informed him that he needed to file a motion to reinstate his appeal if he wanted to continue.  At that point, Melendez still had fourteen days to file a timely *habeas* petition.  While not much time, it further highlights his own lack of diligence in failing to check the status of his appeal.  Melendez' petition for a writ of *habeas corpus* was filed over a year after the statute of limitations expired.  The reasons he raises

---

[2] As noted above, though Petitioner claims to have filed a motion to re-open the appeal a day after it was denied, there is no record of such a motion and none was attached to the briefing papers for this petition.

for this delay are insufficient to trigger equitable tolling, and therefore his petition must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Melendez's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 is DENIED. A certificate of appealability will not issue because Petitioner has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

The Clerk of the Court is directed to close all related matters and remove them from my docket.

**SO ORDERED.**

May 4, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.